CITY OF NEW YORK INS. Co. *et al. v.* GREENWOOD INTERNATIONAL CO.

(Division B. June 11, 1934. Suggestion of Error Overruled Sept. 11, 1934.)

[155 So. 346. No. 31305.]

Ward Allen, of Greenwood, and Butler & Snow, of Jackson, for appellants.

646

**Pollard & Hamner,** of Greenwood, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On August 6, 1931, Price James & Co., Incorporated, was the agent in Greenwood of appellant insurance companies, and appellee was the lessee of a certain brick store building in said city, which building appellee was obliged to keep insured. Policies of insurance in other companies then existed for twenty thousand dollars, expiring on October 25, 1931. On the date first aforesaid the said insurance agency approached appellee and proposed that, if appellee would consent to take two ten thousand dollar insurance policies with the two companies represented by said agency, and on which the established lawful premium would be four hundred thirty-seven dollars and fifty cents each, the agency would pay to appellee in cash four hundred fifty dollars to be applied on a certain open account and note past due to appellee by a third party named. Appellee accepted said proposition and the inducement thereby offered, and on

said date, August 6, 1931, delivered to the agency the check of appellee for eight hundred seventy-five dollars, and the agency at the same time delivered to appellee the agency's check for four hundred fifty dollars to be applied to the account and past-due note of the third party. The policies were issued and tendered to appellee, but, upon being sent to appellee's landlord, some objection was made thereto, the exact nature of which does not appear, and the policies were canceled and surrendered before the date, October 25, 1931, on which they were to go into effect.

After the cancellation of the policies, which, as stated, was before the date upon which they were to go into effect, appellee called upon the insurance agency for the return of the premium paid as aforesaid, but appellee was postponed by excuses until the agency was taken over by others. Demand was then made upon appellant companies for the return of the premiums, to which they replied that they had never received them. Suit was then brought against the companies for the premiums, and appellee recovered judgment therefor.

Two defenses to the suit were made by the appellant insurance companies, but we will discuss only the defense based upon the statute forbidding special inducements in the making of insurance contracts. Section 5319, Code 1930, reads in part as follows: "To prevent unjust and unlawful discrimination, no fire insurance company doing business in Mississippi shall make any distinction or discrimination in favor of parties insured, nor shall any such company or agent pay or allow as inducements to insure, any rebate or premium payable on the policy . . . or any special favor or advantage or other benefits to accrue thereon, or any valuable consideration or inducement whatever, not specified in the policy. . . ." A violation of this statute is made a criminal offense by section 5316, Code 1930.

The purpose of the statute is to subserve a definite public policy of which there are three main considerations:

(1) To promote solvency on the part of insurance companies and to preserve their premium receipts from depreciation below the established legal premium rates; (2) to give equal opportunity in the cost of insurance to those engaged in business in open and legitimate competition with others in the same business; and (3) to assure equality of opportunity and privilege to all local insurance agents to build and retain their business upon none other than the fair, open, and sound basis of efficient attention and honest and impartial methods.

Appellee substantially admitted by the only witness which it introduced that it would not have agreed to change from its present insurance companies and from its present agent to the companies represented by James & Co., and to that agency, and would not have paid the said premiums to said agency except for the inducement offered and paid by the agency as aforesaid on a past-due note owed to appellee by said third party, as to which it is to be mentioned that it is not shown that the insurance companies owed a cent to said third party. If this sort of device or subterfuge could be permitted to circumvent the statute, then two or three powerful insurance companies could organize a corporate agency to operate in every locality in the state, and, by directly or indirectly paying part of the insurance premiums over on past-due accounts or notes of third parties, could secure all the insurance business in the state, and drive all other agents out of business. This is enough, without elaboration, to disclose that the contract or agreement made between appellee and the agency in this case was in violation of the statute; and, under familiar and well-established principles, appellee, being a party to the illegal contract or agreement, can recover back no money paid under it. Rideout v. Mars, 99 Miss. 199, 54 So. 801, 35 L. R. A. (N. S.) 485, Ann. Cas. 1913D, 770.

Reversed, and judgment here for appellants.